UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW BRUEMMER,<br><br>              Plaintiff,<br><br>       -against-<br><br>THE MILLER PLACE FIRE DISTRICT, THE MILLER PLACE FIRE DEPARTMENT, INC., and CAROL HAWAT, STEPHEN RASWEILER, ROBERT RYDER, LARRY FISCHER, JEFF KINKAID, and RICH SCHLUDE, in their official and individual capacities,<br><br>              Defendants. | Civ. Action No. 18-4241 (SJF) (ARL) |

**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT
(CONVERTED TO A MOTION FOR SUMMARY JUDGMENT)**

Lisa M. Griffith
Kimberly N. Dobson
LITTLER MENDELSON, P.C.
Attorneys for Defendants
290 Broadhollow Road, Suite 305
Melville, NY  11747
631.247.4700

*Attorneys for Defendants*

-i-

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. PLAINTIFF'S FREEDOM OF ASSOCIATION AND INTIMATE ASSOCIATION CLAIM RELATED TO HIS SON REMAIN ABANDONED AND SHOULD BE DISMISSED ........................................................................ 2

II. THE ADDITIONAL "EVIDENCE" PROFFERED BY PLAINTIFF IN SUPPORT OF HIS FIRST AMENDMENT CLAIMS IS UNAVAILING ....................... 2

III. DEFENDANTS COMPLIED WITH ALL THE CONSTITUTIONAL REQUIREMENTS OF PROCEDURAL DUE PROCESS ............................................. 3

CONCLUSION ................................................................................................................................ 5

## PRELIMINARY STATEMENT[1]

After almost ten (10) months of litigation; an approximately ten (10) hour long Hearing (where 13 witnesses provided testimony, 24 exhibits were admitted into evidence and Plaintiff refused to testify on his own behalf); three (3) telephonic and in-person conferences before this Court; Plaintiff's filing of an Amended Complaint; a decision by an impartial Hearing Officer upholding Plaintiff's suspension; a fully briefed motion to dismiss; and, the opportunity to submit a supplemental brief, Plaintiff **still** remains unable to establish that any of his causes of action are legally sufficient to survive Defendants' motion for dismissal.

At all times relevant to the allegations in the Amended Complaint, Plaintiff was the third-highest ranking member of the Department and was issued a 6-month suspension due to repeated inappropriate behavior unbecoming of a member in his position.  Plaintiff was afforded a hearing before an impartial Hearing Officer who upheld the suspension.  Plaintiff's suspension ended over five (5) months ago.  As a volunteer firefighter, **Plaintiff suffered no calculable damages as a result of his upheld suspension**.  Although Plaintiff would have this Court believe that he commenced and continues this action in the interests of justice and fairness, the reality is, that could not be farther from the truth.  Plaintiff has been provided with opportunities to be heard and participate in the investigation related to his suspension and has voluntarily failed to do so.  Indeed, **Plaintiff refused to testify on his own behalf in the 209-l Hearing related to his suspension**.  This litigation continues solely due to Plaintiff's pride.  Defendants complied with all constitutional requirements for due process and did not retaliate against Plaintiff based upon any actual or perceived speech of himself or any member of his family.

---

[1] The abbreviations used in Defendants' Memorandum of Law in support of Defendants' Motion to Dismiss ("Defs. MOL") and Reply Memorandum of Law in further support of Defendants' Motion to Dismiss ("Defs. Reply MOL"), are continued and utilized herein.

As detailed more fully herein, Plaintiff's Supplemental Brief and the additional documentation produced in support thereof do little to help save Plaintiff's spurious claims. As a result, Plaintiff's Amended Complaint should be dismissed in its entirety and with prejudice.

## ARGUMENT

### I. PLAINTIFF'S FREEDOM OF ASSOCIATION AND INTIMATE ASSOCIATION CLAIM RELATED TO HIS SON REMAIN ABANDONED AND SHOULD BE DISMISSED.

Plaintiff effectively abandoned his Freedom of Association claim (Third Claim) and Intimate Association claim related to his son, AJ Bruemmer (Second Claim) by failing to adequately address them in his opposition to Defendants' motion to dismiss. (*See* Defs. Reply MOL pp. 2-3). Plaintiff's continued silence on these claims in his Supplemental Brief should be deemed "a concession that plaintiff is abandoning [his] claim[s]." *See Stinnett v. Delta Air Lines, Inc.*, 278 F.Supp.3d 599, 617 (E.D.N.Y. 2017).

### II. THE ADDITIONAL "EVIDENCE" PROFFERED BY PLAINTIFF IN SUPPORT OF HIS FIRST AMENDMENT CLAIMS IS UNAVAILING.

In his Supplemental Brief, Plaintiff refers to isolated Hearing testimony from Chief Schlude and Commissioner Kinkaid in an attempt to further support his First Amendment claims. (Pl. Supp. Br. p. 3). Plaintiff failed to adequately explain how these cherry-picked, isolated remarks support his First Amendment claim in any legally sufficient way. Instead, a closer review of this testimony suggests that when viewed in their totality, these comments, if anything, support Defendants' position for dismissal. Specifically:

> (1) *Plaintiff Schlude admitted that the purpose of the members' gathering at Bruemmer's house was important in the decision to issue the charges and he thought the members were meeting as a "rebellion" confirming the content of the speech was a motivating factor.* (Pl. Supp. Br. p. 3)
>
> One of the Charges issued against Plaintiff concerned his failure to complete an incident report based upon the information purportedly shared with him during the June 6th meeting. (*See* Dobson Aff. ¶18). The content of the meeting (*i.e.*, concerns regarding Chief Schlude) is directly related to that Charge. Moreover, Chief Schlude testified that Plaintiff was suspended due to his participation and complacency in the June 6th meeting, **not** due to what Plaintiff may have said at the meeting or his organization of the meeting. (*See* Dobson Aff. ¶ 9).

(2) *Schlude screamed profanities at a member at an emergency call, supporting an inference that harmony and working well together are not legitimate interests.* (Pl. Supp. Br. p. 3).

Chief Schlude testified that profanity was frequently used by members of the Department. (*See* Dobson Aff. Ex. 10, p. 120). Significantly, however, Plaintiff called Chief Schlude (the highest-ranking member of the Department) a "dick" on multiple occasions *in the presence of community members and members of the Department*. (*See* Dobson Aff. ¶3). The use of profanity in no way minimizes the legitimate interest and importance of the Department working as a cohesive unit, especially when responding to calls. (*See* Deft. MOL pp. 19-20).

(3) *A chief's leadership relates to moral [sic] and members' concerns about how the chief is leading the department is something that should be brought to the attention of department leadership.* (Pl. Supp. Br. p. 3)

It is unclear how the above cited testimony from Commissioner Kinkaid supports Plaintiff's First Amendment claim. Plaintiff provides no further context in his Supplemental Brief. However, Defendants agree that Plaintiff's failure to bring issues of the membership to Chief Schlude and/or the Board through the completion of an incident report was problematic. Indeed, in part, it formed the basis for Plaintiff's suspension. (*See* [1] above).

(4) *The paramilitary structure is flexible depending on circumstances, including concerns about leadership's improper conduct.* (Pl. Supp. Br. p. 3).

The referenced comment is taken from Commissioner Kinkaid's testimony. It is unclear how this statement supports Plaintiff's First Amendment claim, and Plaintiff does not expound upon same in his Supplemental Brief. Moreover, the statement is inaccurately summarized:

Q: So the paramilitary structure is a little bit flexible, depending on circumstances, right?

A: Somewhat. (Weinick Aff, April 22, 2019, Ex. 4, p. 282).

These statements do little to advance Plaintiff's claims, and, instead, support Defendants' arguments for dismissal. For all the reasons stated in Defs. MOL (pp. 14-24) and Defs. Reply MOL (pp. 8-11), Plaintiff's First Amendment claims should be dismissed.

III. **DEFENDANTS COMPLIED WITH ALL THE CONSTITUTIONAL REQUIREMENTS OF PROCEDURAL DUE PROCESS.**

State law statutory requirements and Constitutional due process requirements are not the same. (*See* Defs. MOL pp. 10-14 and Defs. Reply MOL pp. 3-6). Indeed, the Constitutional requirements for

due process are "minimal" and "do[] not purport to resolve the proprietary of the [discipline imposed]." *See Reed v. Medford Fire Dep't*, 806 F.Supp.2d 594 *612 (E.D.N.Y. 2011). The essential requirements are "notice and an opportunity to respond." *Id*. Both were clearly provided to Plaintiff here and, ironically, Plaintiff chose not to be heard (by refusing to testify at the Hearing) but instead filed this lawsuit claiming he was deprived of the opportunity to be heard.

Chief Schlude advised Plaintiff of his suspension in person and via letter dated June 29, 2018. (*See* Dobson Aff. ¶9). The letter clearly indicated that Plaintiff's suspension was due to "neglect of duty and/or improper conduct, subject to the action of the board of fire commissioners at its next public meeting." (*Id*.). For Plaintiff to now suggest that he did not know why he was suspended is incredulous. Indeed, prior to the "next public meeting" Plaintiff's attorney drafted an extensive, 4-page letter to the Board on Plaintiff's behalf. The letter meticulously detailed the circumstances leading to Plaintiff's suspension, as well as the reasons why Plaintiff felt his suspension was unwarranted. (*See* Dobson Aff. ¶10). The depth of information and specificity included in the July 17th letter from Plaintiff's counsel directly addressed the stated reason for Plaintiff's suspension. As a result, Plaintiff cannot credibly argue that he did not have "notice" of the reason for his suspension prior to the "next public meeting" held on July 18, 2018.

Not only did the July 17th letter from Plaintiff's counsel serve as proof of Plaintiff's "notice" of the reasons for his suspension, it also clearly demonstrates that Plaintiff was provided an opportunity (in the form of a 4-page letter from counsel) to be heard. In addition, Plaintiff was advised of his opportunity to be heard at the "next public meeting" via the June 29, 2018 letter from Chief Schlude. (Dobson Aff. ¶ 9). Accordingly, the evidence clearly supports dismissal of Plaintiff's Fourteenth Amendment due process claim because he was afforded notice of the reason for his suspension and was provided with an opportunity to be heard.

Notwithstanding the general requirement of notice and an opportunity to be heard, there are circumstances under which the availability of an adequate post-deprivation procedure, such as an

-4-

Article 78 proceeding, is sufficient, without more, to satisfy the requirements of due process. The availability of a post-deprivation Article 78 proceeding would satisfy procedural due process "due to the strong government interests in immediately effecting a personnel action." *Dushane v. Leeds Hose Co. #1,* 6 F. Supp. 3d 204, note 7 citing *Gilbert v. Homar*, 520 U.S. 924, 930 (1997) (holding "[d]ue process is flexible and calls for such procedural protections as the particular situation demands"). Plaintiff called Chief Schlude, the highest-ranking individual in the paramilitary Fire Department at the time, a "dick" in the presence of community members and other firefighters on more than one occasion. (*See* Dobson Aff. ¶3). Following on the heels of receiving a 15-day suspension for that misconduct, Plaintiff then attends a meeting (at his house), purposely scheduled at the same time as a Chief-ordered training session. (*See* Dobson Aff. ¶4). As the highest-ranking member present, Plaintiff's attendance at the meeting alone served as implicit approval for others in attendance to stay at the meeting instead of attend the training. (*See* Dobson Aff. ¶9). Moreover, Plaintiff failed to bring the issues raised at the meeting to the attention of Chief Schlude, or the Board by completing an incident report. (*See* Dobson Aff. ¶18). Such misconduct by the third highest-ranking member of the Department could not go unpunished, especially after Plaintiff's prior, public incident of insubordination toward the Chief. Accordingly, the Department's interests in expeditiously addressing Plaintiff's inappropriate conduct outweighed Plaintiff's interest in his volunteer firefighting position. As a result, the post-deprivation remedy of an Article 78 proceeding, which Plaintiff has now exercised (*see* Pl. Supp. Br. p. 5, note 1), serves as sufficient constitutional due process.

## **CONCLUSION**

For all the foregoing reasons (and those advanced in Defendants' moving papers), Defendants respectfully request that the Court grant their motion to dismiss the Amended Complaint, converted to a motion for summary judgment, in its entirety and with prejudice, and grant Defendants additional relief as the Court deems just and proper.

Date:   May 10, 2019
        Melville, New York

                                           */s/ Kimberly N. Dobson*
                                           Lisa M. Griffith
                                           Kimberly N. Dobson
                                           LITTLER MENDELSON, P.C.
                                           290 Broadhollow Road, Suite 305
                                           Melville, NY  11747
                                           631.247.4700

                                           lgriffith@littler.com
                                           kdobson@littler.com

                                           *Attorneys for Defendants*